**Laurie Ann WEBBER and Suzanne M. Flaherty, Plaintiffs,**

v.

**ELI LILLY & COMPANY, Abbott Laboratories, and Merck & Company, Inc., Defendants.**

**Civ. No. 86–0314 P.**

United States District Court, D. Maine.

Nov. 3, 1987.

---

George W. Beals, Portland, Me., for plaintiff.

William J. Kayatta, Jr., Portland, Me., for defendant Eli Lilly.

Frank W. DeLong, III, Portland, Me., for defendant Abbott Lab.

Harold J. Friedman, Portland, Me., for defendant Merck.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DISMISSAL

GENE CARTER, District Judge.

This matter comes before the Court on Plaintiffs' Motion in the Alternative for Placement on a Suspense Docket, Dismissal Without Prejudice With Stipulation of Defendants, or for Dismissal Without Prejudice. For the following reasons, the Court grants Plaintiffs' Motion for Dismissal Without Prejudice.

Plaintiffs allege in this products liability action that they suffered physical and emotional damages as a result of their exposure to Diethylstilbestrol (DES) while Plaintiff Flaherty was pregnant with Plaintiff Webber. Upon establishing that the drug was administered to Plaintiff Flaherty by injection, Plaintiffs filed motions to dismiss Defendants E.R. Squibb & Sons and The Upjohn Company, because those Defendants had not manufactured DES in injectable form during the relevant period. The Court granted the motions to dismiss on June 17, 1987. Plaintiff filed this Motion in the Alternative on June 4, and Defendants Merck and Abbott Laboratories filed summary judgment motions on June 16 and June 30, respectively. Plaintiff failed to object to the motions, and today the Court grants those motions. Defendant Eli Lilly filed a Motion for Summary Judgment on July 16, and Plaintiffs filed their objection on July 31.

This Court may dismiss a case without prejudice upon a plaintiff's motion. Fed.R. Civ.P. 41(a)(2). The First Circuit has stated that dismissal without prejudice should be permitted under Rule 41(a)(2) "unless the court finds that the defendant will suffer legal prejudice. Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 50 (1st Cir.1981) (district court did not abuse its discretion in granting plaintiff's motion to dismiss without prejudice even though defendants' motion to dismiss with prejudice had been filed more than one month prior to plaintiff's motion). Because there is no indication that Defendant Lilly will suffer "legal prejudice," Plaintiffs' motion should be granted.

The Court is not persuaded by Defendant Lilly's arguments that it will suffer unfairly from a dismissal without prejudice. First, despite Lilly's assertions, it is not clear that Lilly is entitled to a judgment on the merits. Second, a delay will not, in itself, prejudice Lilly unfairly. Lilly contends that "Lilly should be entitled to proceed forward now before additional witnesses and records, including those not now known to the parties, are lost to memory, age, death, or destruction." Memorandum in Opposition to Plaintiff's Motion in the Alternative at 5–6. Lilly fails to cite a

single authority in support of its argument, nor does it follow from Rule 41(a)(2). Since the applicable statute of limitations will continue to protect Lilly from stale claims, it is unclear how Defendant will suffer "legal prejudice" from a dismissal.

The Court is not convinced that the two other alternatives proposed by Plaintiffs are appropriate. The Suspense Docket, which to this date has been applied to asbestos cases only, is not appropriate in this instance, as the Court would be creating a class of one. The second alternative is also inappropriate, since it appears that Defendants refuse to stipulate to an agreement not to plead the statute of limitations.

Accordingly, Plaintiffs' Motion for Dismissal Without Prejudice is hereby GRANTED.

So ORDERED.